IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **WILLIAM STEVERSON** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. RWT-13-3392 |
| **KATHLEEN DANTONE,** et al. | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

On June 3, 2013, Plaintiff William Steverson filed a sexual discrimination Complaint under Title IX of the Educational Amendments Act of 1972, 20 U.S.C. § 1681 (2012), against Defendants (1) Kathleen Dantone ("Dantone"); (2) Reverend Phillip C. Cato ("Cato"); and (3) Imagine Foundation School Public Charter[1] ("Imagine") (collectively "Defendants") in the Circuit Court for Prince George's County, Maryland. ECF No. 2. On November 14, 2013, Defendants removed the case to this Court. ECF No. 1. Defendants subsequently filed a Motion to Dismiss. ECF No. 11 ("Mot.").

Background

William Steverson ("Steverson") is the coach of the girls' basketball team at Imagine Foundation at Leeland, a public charter school which leases space from St. Barnabas Episcopal Church in Upper Marlboro, Maryland. Defendant Dantone is the secretary at the church and Defendant Cato is the priest in charge at the church. Defendant Imagine is the operator of Imagine Foundation at Leeland. Mot., p. 2. Steverson's complaint alleges that the girls'

---

[1] Defendants note that the proper name of the relevant entity is Imagine – Prince George's, LLC. ECF No. 11, p. 1.

basketball team is being discriminated against by Defendants in violation of Title IX of the Educational Amendments Act of 1972. Compl., p. 2. Steverson alleges that Dantone denied the girls' basketball team permission to charge money for admission and concessions at their tournament, but that she routinely grants permission to the boys' team to have fundraisers and concessions at home games. *Id.* Steverson further alleges that Defendants discriminate against the girls' basketball team by requiring the girls' team, but not the boys' team, to sacrifice gym time for outside events. *Id.*

On November 21, 2013, Defendants filed a motion to dismiss the Complaint for failure to state a claim, arguing that (1) Title IX does not provide for personal liability, so all claims against Defendants Dantone and Cato should be dismissed, and (2) Plaintiff Steverson, a third party, does not have standing to bring a Title IX claim on behalf of his female athletes, so the claim against Imagine should also be dismissed. Mot., pp. 1-2. On November 26, 2013, Steverson filed a response in opposition, and on December 12, 2013, Defendants filed a reply. ECF Nos. 12, 14, 15.

## Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege

2

enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

## Analysis

"Title IX reaches institutions and programs that receive federal funds, which may include nonpublic institutions, but it has consistently been interpreted as not authorizing suit against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable School Committee*, 555 U.S. 246, 267 (2009) (contrasting Title IX claims with § 1983 equal protection claims which may be brought against individuals as well as state entities) (internal citations omitted). Since Steverson has no right to relief based on personal liability under Title IX, he has failed to plead causes of action upon which relief can be granted against Defendants Dantone and Cato, and accordingly, all claims against these Defendants must be dismissed.

Nor does Plaintiff Steverson, the coach of the girls' basketball team, have standing to bring a Title IX sex discrimination claim against Defendant Imagine for discrimination against the female players of the girls' basketball team. Therefore, the claim against Imagine must also be dismissed. To have standing in Federal Court, a plaintiff must demonstrate that he has suffered a concrete and particularized injury. *Massachusetts v. E.P.A.*, 549 U.S. 497, 517 (2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Valley Forge Christian College v. Americans United for*

*Separation of Church and State, Inc.*, 454 U.S. 464, 474 (1982) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)) (internal quotations omitted). Because Steverson does not claim a concrete and particularized injury, but rather rests his claim on discrimination against the girls on the team, he does not have standing to raise the claim against Imagine. *See Lowery v. Texas A&M University Systems*, 117 F.3d 242, 251 (5th Cir. 1997) (stating that plaintiff basketball coach would not have standing to bring a claim for discrimination on behalf of her student athletes). One case in the Southern District of New York suggested that a women's basketball coach might have standing for a claim of *personal* discrimination based on his players' sex. *Morris v. Fordham Univ.*, No. 03 Civ. 0556(CBM), 2004 WL 906248, at *3 (S.D.N.Y. April 28, 2004). However, this is inapplicable because Steverson does not bring a claim individually but only on behalf of the team.

Steverson additionally argues that he has standing as (1) a taxpayer, (2) the guardian for his minor daughter (who appears to have previously attended Imagine Foundation at Leeland, but no longer does so), and (3) an active community member. First, Plaintiff Steverson may not establish standing based on his status as a taxpayer. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1442 (2011). Second, even if Steverson's daughter were on the team, parents cannot assert claims on behalf of their children without an attorney. *See Myers v. Loudon County Public Schools*, 418 F.3d 395, 401 (4th Cir. 2005) (holding "non-attorney parents generally may not litigate the claims of their minor children in federal court."). Finally, Steverson's status as an active community member does not establish that he has suffered a concrete and particularized personal injury as described above. Because Steverson has failed to establish standing for the claim against Defendant Imagine, the claim against Imagine must also be dismissed.

Accordingly, it is, this 9th day of June, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendants' Motion to Dismiss (ECF No. 11) is **GRANTED** with respect to all Defendants; and it is further

**ORDERED**, that the Clerk is directed to **CLOSE** this case.

/s/<br>
ROGER W. TITUS<br>
UNITED STATES DISTRICT JUDGE